🏛 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2021CV351249**

**JUN 28, 2021 02:50 PM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TAMIKA ROBINSON,

                              Plaintiff,

vs.

WALMART, INC.;
WAL-MART STORES EAST, LP;
XYZ CORPORATIONS 1-3; and
NECHIRVAN SADIGH.

                              Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. _____

## COMPLAINT

COMES NOW, Plaintiff Tamika Robinson (hereinafter "Plaintiff") and files this Complaint, alleging as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a resident of Georgia.

2.

Plaintiff submits to the jurisdiction and venue of this Court.

3.

Defendant, WALMART, INC. is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through its registered agent for service, to wit: The Corporation Company, 112 North Main Street, Cumming, GA, 30040 (Forsyth County).

4.

Defendant WALMART, INC., is subject to the jurisdiction and venue of this Court.

5.

Defendant, WAL-MART STORES EAST, LP, is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through its registered agent for service, to wit: The Corporation Company, 112 North Main Street, Cumming, GA, 30040 (Forsyth County).

6.

Defendant WAL-MART STORES EAST, LP, is subject to the jurisdiction and venue of this Court.

7.

Defendant XYZ CORPORATIONS 1-3 are those entities whose identities are unknown to Plaintiff who are responsible in any manner for the ownership, operation, repair, and/or maintenance of Wal-Mart Store No. 3741, which is located at 1105 Research Center Atlanta Dr. SW, Atlanta, GA 30331 (Fulton County). Defendants XYZ CORPORATIONS 1-3 are hereby named as Defendants to the extent that their conduct was wrongful, negligent, or otherwise tortious and led or contributed to harm to Plaintiff.

8.

Defendants XYZ CORPORATIONS 1-3 are subject to the jurisdiction and venue of this Court.

9.

Defendant NECHIRVAN SADIGH resides at ███████████████████ ████████████

10.

Defendant NECHIRVAN SADIGH is subject to the jurisdiction and venue of this Court.

2

## AGENCY

11.

Whenever in this Complaint it is alleged that any named Defendant did any act or thing, it is meant that said Defendants' officers, agents, servants, employees, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of said Defendants or was done in the normal and routine course and scope of employment of said Defendants' officers, agents, servants, employees or representatives.

## BACKGROUND

12.

On August 18, 2019, Defendant WALMART, INC. was in legal possession of Wal-Mart Supercenter Store No. 3741, the retail premises located at 1105 Research Center Atlanta Dr. SW, Atlanta, GA 30331, in Fulton County (the "Subject Premises").

13.

On August 18, 2019, Defendant WALMART, INC. owned and operated the Subject Premises.

14.

On August 18, 2019, Defendant WAL-MART STORES EAST, LP was in legal possession of the Subject Premises.

15.

On August 18, 2019, Defendant WAL-MART STORES EAST, LP owned and operated the Subject Premises.

16.

3

On August 18, 2019, Defendant NECHIRVAN SADIGH was manager of the Subject Premises and responsible for training and supervision of Walmart employees and agents.

17.

On August 18, 2019, Plaintiff TAMIKA ROBINSON was an invitee at the Subject Premises, and was on the premises for the purpose of purchasing goods from the Defendants.

18.

On August 18, 2019, Plaintiff was walking in the Subject Premises when she slipped and fell on a wet substance on the floor, which constituted a hazardous condition on the Subject Premises.

19.

At the time of her fall, employees of Defendants, who were working within the course and scope of their employment, were in the immediate vicinity of Plaintiff when she fell.

20.

The hazardous condition by the wet substance was within the line of sight of Defendants' employees both before and during Plaintiff's fall.

21.

Wal-Mart employees that were in the area of the hazardous condition did see or should have seen the hazardous condition created by the wet substance.

22.

At all relevant times, an employee/agent of Wal-Mart Defendants was responsible for cleaning spilled products and/or placing a prominent warning sing to notify patrons of dangerous conditions, including spilled foreign substances on the floor.

4

23.

At all relevant times, Plaintiff exercised reasonable care for her safety. Plaintiff did nothing to contribute to this incident.

## **NEGLIGENCE**

24.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint above as if fully restated.

25.

The wet substance, which caused the Plaintiff's fall, was located in a heavy-traffic area and constituted a hazardous and unsafe condition on the premises.

26.

The Wal-Mart Defendants, by and through their agents and employees, owed a duty to Plaintiff to keep all areas of the Subject Premises in a safe condition, and breached that duty, by failing to discover, observe, and correct the condition regarding the wet substance on the floor, which constituted a hazardous condition, and which caused Plaintiff to fall.

27.

Defendants are liable for the negligent acts and omissions of their employees and/or agents, under the theory of *Respondeat Superior*.

28.

At the time of the incident, Defendants negligently maintained an unsafe condition of the Subject Premises by allowing wet substance to remain on the floor.

5

29.

At the time of the incident, Defendants negligently maintained an unsafe condition of the Subject Premises by failing to inspect, at reasonable intervals, the condition of the floor to ensure, among other things, that there were no foreign substances or items on the floor or other dangerous conditions.

30.

Defendants failed to exercise care to inspect and maintain the premises in a safe condition.

31.

At the time of the incident, no warnings were posted which would have alerted Plaintiff to the presence of a foreign substance in the area in which the wet substance were located.

32.

Defendants, through their agents and employees, had superior knowledge regarding the unsafe condition of the Subject Premises.

33.

Prior to the injuries sustained by the Plaintiff, Defendants, through their agents and employees, had actual notice that the Subject Premises was in an unsafe condition.

34.

Prior to the injuries sustained by the Plaintiff, Defendants, through their agents and employees, had constructive notice that the Subject Premises was in an unsafe condition.

35.

Defendants knew or should have known that it was likely that injury would result to its invitees and other individuals on the property if the unsafe condition of the Subject Premises was not corrected.

36.

Defendants breached their duties to the Plaintiff by failing to inspect and keep the Subject Premises safe and free of the hazard of foreign objects or substances on the floor, thereby allowing the premises to remain in an unsafe condition.

## COUNT II – NEGLIGENT TRAINING / SUPERVISION

37.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint above as if fully restated.

38.

Defendant Sadigh is liable in this action for negligent training and/or supervision of Walmart agents and employees as it relates to exercising care to inspect and maintain the premises in a safe condition despite the fact that failure to inspect and maintain the premises in a safe condition was likely to result in injury to an invitee.

39.

As a result of said negligent training and/or supervision, Plaintiff suffered injury.

40.

Defendant Walmart is responsible for the actions of their employees/agents, including Defendant Sadigh while in the course and scope of employment/agency under the doctrine of respondeat superior.

41.

Plaintiff suffered and continues to suffer bodily, mental, and emotional pain and suffering, diminished enjoyment of life, and incurred medical-related expenses and wage loss.

## DAMAGES

42.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint above as if fully restated.

43.

As a direct result of the incident proximately caused by the negligence of Defendants, Plaintiff has sustained serious and permanent injuries to her body, resulting in physical and emotional pain, suffering, and mental anguish.

44.

As a direct result of the incident proximately caused by the negligence of the Defendants, and as a direct result of the injuries suffered in said incident, Plaintiff has incurred extensive medical expenses in the amount of approximately $52,228.85.

45.

As a result of the actions and omissions of Defendant, Plaintiff will incur medical expenses in the future.

46.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has experienced physical pain and suffering.

47.

Each negligent act of the Defendants, or a combination thereof, was the direct and proximate cause of the incident and the physical injuries and damages suffered by Plaintiff.

8

48.

As a result of the Defendants' negligence, failure to keep safe and to maintain the premises, and failure to warn, Plaintiff is entitled to recover for the injuries she sustained, including the cost of her medical treatment, the cost of her future medical treatment, past and future pain and suffering, her lost income, and all other elements of damages as allowed under the laws of the State of Georgia.

**WHEREFORE**, the Plaintiff respectfully prays:

a) That summons be issued and that Defendants be served as provided by law;

b) That judgment be rendered for the Plaintiff against Defendants, in such amount a fair and impartial jury may determine;

c) That all costs of this action be cast upon the Defendants;

d) That Plaintiff have such other and further relief as this Court may deem just and proper; and

e) That all issues herein be submitted to a jury.

This 28th day of June, 2021.

PAYNE & DU TOIT

  */s/ Anne Marie du Toit*
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW, Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

9

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TAMIKA ROBINSON,                                    Civil Action File No.
                                                    2021CV351249
            Plaintiff,

v.

WALMART, INC.;
WAL-MART STORES EAST, LP;
XYZ CORPORATIONS 1-3; AND
NECHIRGAN SADIGH,

            Defendants.
_____/

ANSWER OF DEFENDANTS WALMART, INC.
WAL-MART STORES EAST, LP AND NECHIRVAN SADIGH

COME NOW, Defendants WALMART, INC., WAL-MART STORES EAST, LP

and NECHIRVAN SADIGH (erroneously named) and make this Answer to

Plaintiff's Complaint as follows:

FIRST DEFENSE

Jurisdiction is not proper as to Walmart, Inc.

SECOND DEFENSE

Venue is not proper as to Walmart, Inc.

THIRD DEFENSE

Nechirvan Sadigh is not a proper Defendant.

## FOURTH DEFENSE

Jurisdiction is not proper as to Nechirvan Sadigh.

## FIFTH DEFENSE

Venue is not proper as to Nechirvan Sadigh.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SEVENTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## EIGHTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## NINTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>TENTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

<u>ELEVENTH DEFENSE</u>

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.   Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendants admit the allegations contained in paragraph 9 of the Plaintiff's Complaint, but show that Nechirvan Sadigh is not a proper defendant.

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District

Court, Northern District of Georgia, Atlanta Division.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendants admit the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store.  Defendants deny the remaining allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint, as stated.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint, as stated.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint, as stated.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendants re-allege and incorporate herein the answers contained in the preceding paragraphs of this Answer as if fully restated.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint, as stated.

32.

Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Defendants deny the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendants deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37.

Defendants re-allege and incorporate herein the answers contained in the preceding paragraphs of this Answer as if fully restated.

38.

Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39.

Defendants deny the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.

Defendants deny the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.

Defendants deny the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42.

Defendants re-allege and incorporate herein the answers contained in the preceding paragraphs of this Answer as if fully restated.

43.

Defendants deny the allegations contained in paragraph 43 of the Plaintiff's Complaint.

44.

Defendants deny the allegations contained in paragraph 44 of the Plaintiff's Complaint.

45.

Defendants deny the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46.

Defendants deny the allegations contained in paragraph 46 of the Plaintiff's Complaint.

47.

Defendants deny the allegations contained in paragraph 47 of the Plaintiff's Complaint.

48.

Defendants deny the allegations contained in paragraph 48 of the Plaintiff's Complaint.

49.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

50.

Defendants deny Plaintiff's prayer for relief, including subparagraphs a), b), c), d), and e) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendants
WALMART, INC.
WAL-MART STORES EAST, LP
NECHIRVAN SADIGH

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART, INC., WAL-MART STORES EAST, LP AND NECHIRVAN SADIGH has this day been filed and served upon opposing counsel via Peach Court E-File.

This the  16th   day of July, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WALMART, INC.
WAL-MART STORES EAST, LP
NECHIRVAN SADIGH

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -13-